IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ERIC L. WAKEFIELD, #201900235,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-01768-JPG |
| | ) | |
| **FRANKLIN COUNTY JAIL,** | ) | |
| **ANTHONY SCOBLE,** | ) | |
| **S. BARRA,** | ) | |
| **KIETH LAMPLEY,** | ) | |
| **MATT PEMBERTON,** | ) | |
| **ANN LYTLE,** | ) | |
| **FRANKIE VALESQUEZ,** | ) | |
| **JOHN WHEATLEY,** | ) | |
| **MEGAN DUIKIN,** | ) | |
| **MALLORY KELLEY,** | ) | |
| **KENNY JACOBS,** | ) | |
| **GAGE DARNELL,** | ) | |
| **PATRICIA JACKSON,** | ) | |
| **GERALD DORRIS,** | ) | |
| **CASEY JACKSON,** | ) | |
| **JACOB BARTONI,** | ) | |
| **and ZANE YOUNG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Eric Wakefield, an inmate at Franklin County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-10). In the Complaint,[1] Plaintiff alleges that

---

[1] This is one of three lawsuits Plaintiff filed to complain about his untreated head trauma or aneurysm. *See also Wakefield v. Franklin County Jail, et al.*, No. 21-cv-867-JPG (S.D. Ill. 2021); *Wakefield v. Franklin County Sheriff Dep't, et al.*, No. 22-cv-1766-JPG (S.D. Ill. 2022). This is also one of six lawsuits that he filed in this Court on August 3, 2022. *See also Wakefield v. Christopher Police Dep't, et al.*, No. 22-cv-1764-JPG (S.D. Ill. 2022); *Wakefield v. Franklin County Sheriff Dep't, et al.*, No. 22-cv-1766-JPG (S.D. Ill. 2022) (addressing untreated head injuries); *Wakefield v. SIU Credit Union, et al.*, No. 22-cv-1767-NJR (S.D. Ill. 2022); *Wakefield v. District Attorney's Office, et al.*, No. 22-cv-1769-DWD (S.D. Ill. 2022); and *Wakefield v. Franklin County Courts, et al.*, No. 22-cv-1772-JPG (S.D. Ill. 2022).

1

Defendants ignored 200 grievances he filed to complain about the denial of medical care for a head injury he sustained on September 26, 2019. (*Id*. at 6). He seeks monetary relief. (*Id*. at 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 2-6): On September 26, 2019, Plaintiff was "bashed" in the head by his wife and her correctional officer friends. He was taken into custody soon thereafter. All of the named defendants knew about his head injuries on September 26, 2019, and he continued to complain about his injuries to everyone. Since October 2019, Plaintiff has filed 200-plus grievances seeking medical care for his head trauma at the Franklin County Jail. However, none of the defendants have taken action to secure medical treatment for him. In response to his many grievances, the defendants just let him "sit and suffer," offering him no help, even when he bled for over seven hours on December 26, 2020. (*Id*. at 4). Along with this statement of claim, Plaintiff provided a list of sixteen additional state statutes and regulations the defendants allegedly violated. (*Id*. at 8).

## Discussion

The Court deems it appropriate to designate two claims in the *pro se* Complaint:

**Count 1:** Fourteenth or Eighth Amendment claim against Defendants for disregarding Plaintiff's requests for medical treatment for his head injuries at the Jail beginning September 26, 2019 (Doc. 1, pp. 2-6); and

**Count 2:**     Miscellaneous violations of Illinois state law (*see* Doc. 1, p. 8).

Any other claims mentioned in the Complaint but not addressed herein are considered dismissed without prejudice as inadequately pled under *Twombly*.[2]

### Count 1

Plaintiff's legal status as a pretrial detainee or convicted person dictates the legal standard for his claim in Count 1.  The Fourteenth Amendment's objective unreasonableness standard governs his claim of inadequate medical care for his serious head injuries, if he was a pretrial detainee when his claim arose.  *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018).  The Eighth Amendment deliberate indifference standard governs the claim, if he was a convicted person.  *See Estelle v. Gamble*, 429 U.S. 97 (1976).  His exact legal status can be sorted out during discovery.  Count 1 survives screening under the Eighth and Fourteenth Amendment against all individual defendants named in connection with this claim above.

However, Count 1 shall be dismissed with prejudice against Franklin County Jail because the Jail is not a person subject to suit under § 1983.  Plaintiff's designation of this defendants likely represents his attempt to hold the county liable for his injuries.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978).  Municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury.  *Id*.  But, Plaintiff points to no policy or custom that caused the denial of his medical care.  Accordingly, Franklin County Jail shall be dismissed from this action.

### Count 2

Plaintiff's sixteen other claims arise under Illinois state law.  He lists state statutes and regulations with no explanation or supporting allegations.  Under some circumstances, the Court

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

will exercise supplemental jurisdiction over state law claims brought as part of a § 1983 suit. *See* 28 U.S.C. § 1367. Section 1367(a) states, in pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*See* 28 U.S.C. § 1367(a). However, § 1367(c) authorizes a federal court to decline supplemental jurisdiction over a claim under subsection (a), if it substantially predominates over the claim or claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(c)(2). The Court declines to exercise supplemental jurisdiction over the sixteen state law claims in Count 2 pursuant to § 1367(c)(2) because those claims would predominate over Count 1.

## Disposition

**IT IS ORDERED** that the **COMPLAINT** (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against **ALL INDIVIDUAL DEFENDANTS**. This claim is **DISMISSED** with prejudice against **FRANKLIN COUNTY JAIL**. All state law claims in **COUNT 2** are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(2). **The Clerk's Office is DIRECTED to TERMINATE Defendant FRANKLIN COUNTY JAIL as a party in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Plaintiff's Motion for Recruitment of Counsel (Doc. 14) is **DENIED** without prejudice, based on Plaintiff's failure to demonstrate reasonable efforts to find counsel on his own[3] before asking the Court to assist him and based on his failure to establish the need for an attorney to help

---

[3] Plaintiff provided names of attorneys but did not indicate when he contacted them, what he requested of them, and how they responded.

him litigate his single claim in this case.[4]

Plaintiff's Motion for Court Order (Doc. 15) to compel production of a polygraph examination report is **DENIED** without prejudice.  Discovery has not yet commenced.

With respect to **COUNT 1**, the Clerk of Court shall prepare for **ALL INDIVIDUAL DEFENDANTS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to**

---

[4] Plaintiff discloses some college education. Despite his medical impairment, Plaintiff has also demonstrated his ability to prepare and file complaints, motions, and pleadings in numerous cases (simultaneously) in this District.  At this early stage, the Court declines to recruit counsel for Plaintiff.  He may renew his request for counsel by filing a separate motion if the case becomes too difficult (factually or legally) to litigate.

**Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED:** 5/18/2023

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve the defendant with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before counsel for the defendant has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**