UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC L. WAKEFIELD,

    Plaintiff,

  v.

FRANKLIN COUNTY JAIL, ANTHONY SKOBEL, S. BARRA, KIETH LAMPLEY, MATT PEMBERTON, ANN LYTLE, FRANKIE VALESQUEZ, JOHN WHEATLEY, MEGAN DUIGUID, MALLORY KELLEY, KENNY JACOBS, GAGE DARNELL, PATRICIA JACKSON, GERALD DORRIS, CASEY JACKSON, JACOB BARTONI, and ZANE YOUNG,

    Defendant.

Case No. 22-cv-1768-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Eric L. Wakefield's motion for leave to file an amended complaint (Doc. 74).  It appears that Wakefield timely filed the motion by the September 27, 2024, deadline for filing for leave to amend.  When the Court set that deadline, it reminded him that claims not related to the single remaining claim in his Original Complaint—a claim for unconstitutional failure of the individual defendants to provide medical care for his September 26, 2019, head injury—and not against the existing defendants are not properly joined in the same action.  *See Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18-21.  If the plaintiff sought to add such claims to this case, that would be grounds for denying his motion to amend.  Indeed, it is for these reasons that the Court declines to allow Wakefield to file the proposed amended complaint.

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial.  A

party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement, or to strike. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing parties' written consent, which Wakefield has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Although the text of the rule has changed over the years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989).

Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Wakefield attempts to add to his existing claim. That claim is against 15 individual defendants at the Franklin County Jail under the Eighth or Fourteenth Amendment for disregarding his requests for medical treatment for his head injuries beginning September 26, 2019. He mentions new claims that (1) on October 28, 2019, he had a bulge in his groin that made him have trouble using the restroom; (2) on July 20, 2021, he had a soft-ball size hernia bulging out and affecting his left leg; (3) in August 2020 he experienced a ruptured blood vessel in his scrotum; and (4) on August 25, 2022, he had an aneurysm and hernia. He also attempts to

assert new claims for retaliation, intentional infliction of emotional distress, under the Fourth Amendment, the Eighth Amendment, the Fourteenth Amendment equal protection and due process clauses, the Bill of Rights, the Magna Carta, stalking, trespass, and other claims that have nothing to do with treatment of Wakefield's head trauma from his September 26, 2019, head injury.  He also complains about the SIU Credit Union.

Additionally Wakefield tries to add new defendants to this lawsuit:  Dr. Ibraheim, Sue Mason, Phillip Gallagher, who were aware of his head trauma, aneurysm, and hematoma; David Butler, David House, Deborah Corzine/Wakefield/Nichols, Chris Nichols, who were involved in the head injury he suffered in his home; Dr. S. Beckmeyer, who allegedly knew of Wakefield's hernia and aneurysm; and others whose connection to this case is not clear.

The new claims Wakefield wants to add would not be properly joined with this case under Rule 18 because they are against new parties, not those already in the case, and they are about completely different subjects than the medical care provided for Wakefield's September 26, 2019, head trauma.  Consequently, joinder of the proposed new defendants would not be appropriate under Rule 20(a)(1).  Wakefield can raise his proposed new claims in other cases and, indeed, he has already filed a lawsuit over the allegedly inadequate treatment of his aneurysm in *Wakefield v. Bartoni*, No. 22-cv-1766-JPG.

Additionally, adding new claims and new defendants to this case would cause undue delay in the resolution of this case.  The case is already more than two years old and more than five years after the beginning of the alleged wrongful conduct.  Serving process on the already numerous defendants has been extremely time-consuming, and those defendants are entitled to have their cases move toward resolution without waiting for another time-consuming round of serving process on new defendants for new claims.

This is true even for the correction of defendant "S. Barra" to "S. Ibarra/Ibbarra." When it became apparent that service would be impossible on S. Barra without further identifying information, Wakefield was given until April 12, 2024, to provide those identifying details. He failed, and S. Barra was not served. As a consequence, the Court dismissed the claim against S. Barra without prejudice for failure to timely serve pursuant to Rule 4(m). Wakefield has not shown why he was unable to correct the defendant's last name before the deadline set by the Court, and the Court will not hold up this case now to fix Wakefield's earlier delinquency.

For these reasons, the Court **DENIES** Wakefield's motion for leave to file the proposed amened complaint. The case will proceed on Count I against the individual defendants as identified in the Court's threshold order (Doc. 16).

**IT IS SO ORDERED.**
**DATED:  December 4, 2024**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**