UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC L. WAKEFIELD,

    Plaintiff,

  v.                               Case No. 22-cv-1768-JPG

FRANKLIN COUNTY JAIL, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Eric L. Wakefield's objection (Doc. 77) to the Court's December 4, 2024, ruling (Doc. 76) denying his motion for leave to file an amended complaint (Doc. 74). The Court denied Wakefield leave to file an amended complaint because the pleading he proposed included new defendants not properly joined in the case and new claims not related to the single remaining claim in the case—a claim for unconstitutional failure of the individual defendants to provide medical care for his September 26, 2019, head injury. *See Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18-21. Wakefield now asks the Court to reconsider its ruling. The defendants have not responded to the motion.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same

case is governed by the law of the case doctrine. *Pittman ex. rel Hamilton v. Madison Cnty.*, 108 F.4th 563, 572 (7th Cir. 2024) (declining to apply doctrine), *cert. denied*, No. 24-572, 2025 WL 299586, at *1 (U.S. Jan. 27, 2025); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as, for example, substantial new evidence not available earlier or a manifest error or a change in the law that reveals the prior ruling was erroneous. *Pittman*, 108 F.4th at 572; *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

Wakefield has not provided a compelling reason to reconsider the Court's prior order. He first talks about the relation back doctrine that allows a later pleading to be construed as having been filed at the time of an earlier pleading for statute of limitations purposes, but there is no statute of limitations in issue here.

He complains that the Court dismissed defendant S. Barra after Wakefield failed to provide sufficient information for service of process by the deadline given by the Court. The Court set the deadline more than a year into this case after unsuccessfully seeking waivers of service from and attempting service on Barra. Wakefield states it took him time to identify the defendant. However, there is nothing compelling about the consequences of Wakefield's failure to meet a deadline about which he was given plenty of warning.

Wakefield also asserts details of several adverse consequences of the head injury he suffered on September 26, 2019, that he alleges the defendants failed to treat adequately at the Franklin County Jail. Those consequences need not be set forth in a pleading but may be presented at an appropriate time in an appropriate context to prove damages such as, for

example, in summary judgment briefing or at trial.  Such factual assertions are not a compelling reason to allow amendment of a complaint.

Finally, Wakefield continues to press new claims and new defendants unrelated to his treatment at the Franklin County Jail.  Those allegations belong in a new lawsuit after Wakefield exhausts any available administrative remedies for those claims.  The Court **DIRECTS** the Clerk's Office to send Wakefield a blank form for a Civil Complaint for Civil Rights Violation or Other Civil Claims by a Person in Custody.

In sum, Wakefield may disagree with the Court's refusal to allow him to amend his complaint, but he has not presented any compelling reason that would justify reconsideration of the Court's prior discretionary decision.  For this reason, the Court **DENIES** Wakefield's objection (Doc. 77), construed as a motion for reconsideration.

**IT IS SO ORDERED.**
**DATED:  March 19, 2025**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**