UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC L. WAKEFIELD,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANKLIN COUNTY SHERIFF DEPARTMENT, DAVID BARTONI, and KYLE BACON,<br><br>        Defendants. | Case No. 22-cv-1766-JPG |

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

This matter comes before the Court for case management purposes after review of the Amended Complaint drafted by appointed counsel (Doc. 62). That pleading leads the Court to believe that this case, *Wakefield v. Franklin County Sheriff Department*, No. 22-cv-1766-JPG, and another case, *Wakefield v. Franklin County Jail*, No. 22-cv-1768-JPG, should be consolidated pursuant to Federal Rule of Civil Procedure 42(a).

Wakefield filed this case on August 3, 2022. In the Complaint, he complains that Franklin County Sheriff David Bartoni failed to ensure he received adequate medical care for an aneurysm on the back of his head for seventeen months after he was first booked into the Franklin County Jail. Prelim. Review Mem. and Order 2 (Doc. 18). He claims Bartoni was personally involved in the conduct because he received numerous grievances alerting him to the problem. *Id.* The Court construed Wakefield's Complaint to be asserting a Fourteenth or Eighth Amendment claim against Bartoni, depending on whether Wakefield was a pretrial detainee or a convicted prisoner. *Id.* at 3. All other claims discernable from the Complaint were dismissed. *Id.* at 5.

On the same day Wakefield filed this case, he also filed a separate complaint that began *Wakefield v. Franklin County Sheriff Department*, No. 22-cv-1768-JPG. In that case, Wakefield complains that sixteen individual employees of the Franklin County Sheriff's Department failed to ensure he received adequate medical care for injuries he received from an altercation with his wife and her correctional officer friends on September 26, 2019. Prelim. Review Mem. and Order 2 (No. 22-cv-1768-JPG, Doc. 16). On the day of the altercation, Wakefield was booked in the Franklin County Jail, where he began a series of more than 200 grievances seeking medical treatment for his head injuries. *Id.* The Court construed Wakefield's Complaint to be asserting a Fourteenth or Eighth Amendment medical claim against all sixteen individual defendants, depending on whether Wakefield was a pretrial detainee or a convicted prisoner. *Id.* One defendant was dismissed for failure to serve, Sched. and Disc. Order 6 (No. 22-cv-1768-JPG, Doc. 67); all other claims discernable from the Complaint were dismissed for other reasons, Prelim. Review Mem. and Order 4 (No. 22-cv-1768-JPG, Doc. 16).

The Amended Complaint in this case ties the aneurysm and the head injuries together. Specifically, Wakefield alleges that when he arrived at the jail, he had an aneurysm and other head injuries that resulted from an assault by plain-clothed correctional officers. Am. Compl. ¶¶ 7, 12, 14. He made multiple requests to be seen by medical personnel, but the requests were ignored. *Id.* at ¶¶ 16, 19. He also filed multiple grievances about the lack of treatment for his aneurysm and head injuries. *Id.* at ¶¶ 17, 20. Wakefield asserts one Eighth Amendment claim for inadequate medical care against Bartoni. *Id.* at ¶ 5-6.

Taking a broad view of *Wakefield v. Franklin County Sheriff Department*, No. 22-cv-1766-JPG, and *Wakefield v. Franklin County Jail*, No. 22-cv-1768-JPG, similarities are evident. Although Wakefield appears to have wanted to address the adequacy of medical care for his

aneurysm and the adequacy of medical care for his head injuries in two separate cases, the injuries appear to spring from the same source—the attack by plain-clothed correctional officers—and to have existed over the same period of time—beginning September 26, 2019, and lasting throughout Wakefield's detention at the Franklin County Jail.  Furthermore, it is reasonable to believe that Wakefield's requests for medical care and grievances did not distinguish between care for his aneurysm and care for his head wounds—he just needed medical care for the injuries stemming from the September 26, 2019, altercation.[1]  Indeed, the cases seem to "involve a common question of . . . fact," Fed. R. Civ. P. 42(a), namely, the injuries inflicted on Wakefield's head and the medical care provided for those injuries.  And the cases appear to be at roughly the same stage of litigation—the dispositive motion deadline has passed and both cases are presumably headed for trial in the near future.

Because it appears these two cases qualify for consolidation under Federal Rule of Civil Procedure 42(a), the Court **ORDERS** Wakefield to **SHOW CAUSE** on or before May 30, 2025, why the Court should not consolidate these cases for all further proceedings, including trial.

The Court is inclined to assign appointed counsel to the entire consolidated case, although it would entertain a request to continue the trial in light of the increased number of parties in the consolidated case.  The Court **DIRECTS** the Clerk's Office to docket this order in both relevant cases.  Wakefield may respond in *Wakefield v. Franklin County Sheriff Department*, No. 22-cv-1766-JPG, through counsel and in *Wakefield v. Franklin County Jail*, No. 22-cv-1768-JPG, on his own behalf, although counsel is free to state Wakefield's position No. 22-cv-1768-JPG in her response.  The defendants in both cases shall have 14 days from Wakefield's response to file a reply statement.

---

[1] The Court is unable to readily locate copies of Wakefield's grievances.

4

      The Court is further interested in the parties' views on whether mediation would be helpful in resolving a consolidated case. The Court's Mandatory Mediation Program contemplates mediation of prisoner civil rights cases by the Court Attorney/Mediation Coordinator free of charge. *See* Mandatory Med. Program § 2.1(A)(2) n.1. The parties should indicate in their filing whether they believe mediation may be productive.

**IT IS SO ORDERED.**
**DATED: May 2, 2025**

                                                        s/ J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **DISTRICT JUDGE**